Mr. Justice ThacheR
delivered the opinion of the court.
This is an action of debt, instituted in the circuit court of Lowndes county. The plaintiff in error, the defendant below, filed seven special pleas in bar, to six of which, the plaintiff below demurred, and joined issue upon the seventh. The record exhibits, that, on the 13th day of October, 1845, an entry was made upon the minutes of the court, to the effect, that, upon argument of the plaintiff’s demurrers to the defendant’s pleas, it was ordered by the court, that the demurrers to the first, second, fourth, fifth and sixlh p'eas be sustained, and that the demurrer to the third plea be overruled, and the plaintiff be allowed to reply thereto. A replication, in short, to the third plea, seems to have been filed, and the case submitted to a jury, but no return of a verdict, by that jury, is found in the record. The record then shows, that upon the 15th day of October, 1846, a motion was made in the cause, and an order sus- *102 taming it, to enter a judgment nunc pro tunc, which judgment sustained the demurrers of the plaintiff to the first, second, fourth, fifth and sixth pleas of the defendant, and which judgment had been omitted to be entered by the clerk, at the October term, 1845, of the court. To this order, a bill of exceptions is filed, setting out that the facts, respecting the judgment upon the demurrer, at the October term, 1845, were ascertained, by parol testimony, that such a judgment had been made by another judge, who then presided over said court, and had been omitted to be entered by the clerk of the court, and by a written memorandum upon the judge’s docket, as follows: “6147. Benjamin Sherrod v. Henry W. Rhodes, defendant, October, 1845. Demurrer sustained, except as to third plea.” The record finally shows a jury and verdict for plaintiff below.
The apparent inconsistency that exists in the record, is, we think, reconciled by the bill of exceptions. In order to explain a difficulty of this kind, we must take the bill of exceptions, as the criterion of that part of the record to which it relates. From this source, it is clear that the entry in relation to the disposal of the demurrers to the first, second, fourth, fifth and sixth pleas of the defendant, must have been made after the order sustaining the motion for judgment nunc pro tunc upon those demurrers. The entry, in the first part of the record, is the only entry, respecting the disposal of the demurrers, there being no actual entry of judgment upon the order of judgment nunc pro tunc, but a mere statement, by the clerk, that such a judgment is entered, in accordance with the' order. The first entry was, therefore, probably inserted in the original record, after, and in consequence of the order sustaining the motion for judgment nunc pro tunc. This shows, that the judgment upon the third plea was entered at the same time, as it iaembraced as part of the first entry, and is found nowhere else in the record.
The foregoing, being the proper view of the case, it becomes necessary only to add, that the notice allowing the entry of judgment nunc pro tunc, which judgment is found to have been made, by means of parol evidence, and a reference to the judg’s docket, has been held, by this court, to be erroneous.
*103 Dickson v. Hoff’s Adm’r. 3 How. 165; Russell & Wife v. McDougall, 3 S & M. 234; Daniel Boon, use &c. v. Joseph G. Boon, at this term.
The judgment is, therefore, reversed, and the cause remanded for further proceedings, commencing at the pleadings.